## Phillips *v.* International Text Book Company, Appellant.

*Principal and agent—Assumed name—Undisclosed principal.*

When a corporation or an individual elects to carry on a branch of its or his business in an assumed name, it or he is liable for the acts of agents, acting within the scope of their authority, who contract in the assumed name with relation to such branch of the business, in all cases where the contract would have been binding if made in the actual name of the corporation or individual.

An undisclosed principal is bound by the contracts of his agents acting within the scope of his authority, although the party with whom the contract was made may have known the principal under some other name.

A corporation of the name of International Text Book Company conducted a branch of its business under the name of "International Correspondence Schools." It appointed a superintendent of this branch giving him large powers to solicit business, and establishing him in an office from which he conducted a large correspondence. In the agreement with the superintendent the latter was forbidden to contract debts for the corporation. In a suit against the corporation for a typewriting machine rented to the superintendent, it appeared that the plaintiff did not know of the restrictions on the powers of the superintendent, and that he did not know the real name of the corporation. He knew the name International Correspondence Schools, and to it he charged the machine on his books. *Held,* that if the jury believed the evidence it was sufficient to sustain a verdict in favor of the plaintiff against the corporation on the contract of hiring the machine.

*Bailment—Hiring chattel—Care of property—Hire.*

In every contract of hiring there is, in the absence of an express provision otherwise, an implied covenant that the bailee will take reasonable and proper care of the property which is the subject of the bailment. In case the property is negligently injured an action will lie for the breach of the implied covenant, and whether that action be in assumpsit or trespass it is still founded in contract.

. Argued March 11, 1904.    Appeal, No. 26, Feb. T., 1904, by defendant, from judgment of C. P. Lycoming Co., March T., 1903, No. 413, on verdict for plaintiff, in case of H. G. Phillips v. International Text Book Company, Proprietors of the International Correspondence Schools of Scranton. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover the value of a typewriting machine. Before HART, P. J.

The facts appear by the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $50.56. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*David C. Harrington,* with him *C. E. Sprout* and *John E. Cupp,* for appellant.

*J. M. Reilly*, of *Reilly, Shale & McGraw*, for appellee.

OPINION BY PORTER, J., October 17, 1904 :

When a corporation or an individual elects to carry on a branch of its or his business in an assumed name, it or he is liable for the acts of agents, acting within the scope of their authority, who contract in the assumed name with relation to such branch of the business, in all cases where the contract would have been binding if made in the actual name of the corporation or individual. The evidence in this case, including the contracts of the defendant with its agents, established that the " International Correspondence Schools " were owned by and were merely a branch of the business of the International Text Book Company, and the representatives of the former were the actual agents of the latter. An undisclosed principal is bound by the contracts of his agent acting within the scope of his authority, although the party with whom the contract was made may have known the principal under some other name. There was no real question, under the evidence, as to the party with whom the plaintiff thought he was dealing, nor as to the business to which the contract related. The evidence indicates that there was no corporation or firm in existence named the " International Correspondence Schools," but for purposes which were entirely proper the International Text Book Company had for its own convenience carried on one branch of its business in that name. The plaintiff knew the business of the corporation with which he dealt, but did not know its real name, and the charges in his books were entered against the " International Correspondence Schools." The corporation was however in this action made a defendant under its real name, and the addition that it was the proprietor of the correspondence schools, was simply descriptive of the business in which the corporation was engaged.

There was no question under the evidence in this case that the defendant had opened and for several years maintained an office for the transaction of its business in the city of Williamsport, which office it had caused by prominent signs to be designated as a place where its business was transacted. It had placed S. W. Mason, one of its assistant superintendents, in charge of that office, as the ostensible head of the business there

to be transacted, and the business there carried on was exclusively the business of the defendant. The written or printed agreement between Mason and the defendant required the former to devote his entire time and attention exclusively to " instructing and assisting solicitor-collectors employed in said division in soliciting contracts for scholarships in the ' International Correspondence Schools,' and in making collections from students of said schools, in accordance with the prices, rules, and regulations to be put into effect from time to time by said employers." This agreement, it is true, contained a provision that Mason should not have the right to create or contract any debt or debts in the name of his employers, but of the private instructions of the defendant to its agents the plaintiff had no notice whatever. When the defendant thus opened up and maintained an office for the transaction of its business and placed in charge thereof an agent authorized to transact said business, which business as shown by the contract between the parties necessarily involved extensive correspondence, they clothed such agent with an apparent authority to contract for such supplies as were necessary to carry on said business in said office. When the agent—acting in the name of his principal—entered into a contract of that character, and such supplies were actually used in the transaction of the business of his principal, the principal must answer. The testimony of the plaintiff if believed established that he rented a typewriting machine to Mason, who contracted as the agent of the defendant corporation, that the machine was delivered to the office of the defendant and that it was there used in the transaction of the business of the defendant. If this testimony was true, and, if in view of the character of the business to be transacted, such a machine was a reasonable necessity to the transaction of the business of the defendant, then the defendant was bound by the contract. In every contract of hiring there is, in the absence of an express provision otherwise, an implied covenant that the bailee will take reasonable and proper care of the property which is the subject of the bailment. In case the property is negligently injured an action will lie for the breach of the implied covenant, and whether that action be in assumpsit or trespass, it is still founded in contract. The plaintiff contended, and offered sufficient evidence to support that con-

tention, that his property had been negligently injured while in possession of the defendant as a bailee for hire. The injury was one for which, if proved to the satisfaction of the jury, there could be a recovery in this form of action.

The evidence presented a case upon which the plaintiff was entitled to have a jury pass, and we are not convinced that there was error in the rulings of the learned court below.

The judgment is affirmed.