# Funk *v*. Kerbaugh, Appellant.

*Negligence—Blasting—Damages—Punitive damages.*

Too great caution cannot be exercised in permitting the recovery of punitive damages for the willful or reckless act of a servant not authorized or approved by the master. The rule that permits a recovery in such cases is a harsh one, and the plainest principles of justice call for caution in its application. While this is so, punitive damages will be allowed against a corporation whose superintendent persists recklessly and defiantly for months in using unusually heavy blasts of dynamite with full knowledge that they are shattering and practically ruining a house and barn, and apparently does the work in this way because it is cheaper to pay damages for the injuries the heavy blasts may cause than to do the work in a different way.

Argued May 18, 1908. Appeal, No. 213, Jan. T., 1907, by defendant, from judgment of C. P. Lancaster Co., Nov. T., 1905, No. 92, on verdict for plaintiff in case of Isaac S. Funk v. H. S. Kerbaugh, Incorporated. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for injuries to property, real and personal. Before HASSLER, J.

The opinion of the Supreme Court states the case.
The verdict was as follows :
And now, to wit: December 6, 1906, we, the jurors empaneled in the above case, find in favor of Isaac S. Funk, and against H. S. Kerbaugh, Incorporated.
Damages as follows :

|  |  |
|---|---:|
| To house | $2,000.00 |
| To barn | 1,800.00 |
| To crops | 25.00 |
| Removing stone | 75.00 |
| For mule | 150.00 |
| Impunity damages | 1,000.00 |
|  | $5,050.00 |

Judgment was entered upon the verdict. Defendant appealed.

*Error assigned* was in permitting the jury to return a verdict for punitive damages.

*W. U. Hensel,* with him *Philip T. Meredith* and *Frank S. Groff,* for appellant.

*H. Frank Eshleman* and *William H. Keller,* with them *John A. Coyle,* for appellee.

PER CURIAM, June 2, 1908:

The main question presented by this appeal is whether a recovery of punitive damages should have been allowed. The action was to recover for injuries to the plaintiff's property caused by the negligent and reckless acts of the defendant in blasting rocks in constructing a line of railroad. At a place 1,100 feet from the plaintiff's building an excavation was made 2,200 feet long and, at places, eighty feet deep through solid rock of great hardness. In blasting this rock holes were drilled to an average depth of thirty feet and charges of 4,000 pounds of dynamite were set off simultaneously. The testimony produced by the plaintiff tended to show that the work could have been done in the usual manner by lighter blasting without injury to his property; that the heavy blasting shattered and practically ruined his house and barn; that the use of heavy blasts was persisted in recklessly and defiantly for months notwithstanding his complaints.

Too great caution cannot be exercised in permitting the recovery of punitive damages for the willful or reckless act of a servant not authorized or approved by the master. The rule that permits a recovery in such cases is a harsh one and the plainest principles of justice call for caution in its application: Phila. Traction Co. v. Orbann, 119 Pa. 37. But in this case the acts complained of were done by direction of the defendant's superintendent after notice and with full knowledge of the damage they were doing the plaintiff's property. Apparently they were done in wanton disregard of his rights and because it was cheaper to pay damages for the injury they might cause than to do the work in a different way.

We find no error in the record that calls for a reversal.

The judgment is affirmed.