# Wright v. Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Damages.*

1. The general rule is that only compensatory damages can be recovered in negligence cases, and juries are not at liberty to go farther and find exemplary damages unless the injury was done wantonly and wilfully, or was the result of such reckless indifference to the rights of others as amounts to a violation of them. Evil intent lies at the foundation of the right to claim punitive damages.

2. In an action against a street railway company to recover damages for personal injuries resulting from a collision between two of defendant's cars, it is reversible error for the trial judge to submit the question of punitive damages to the jury, where there was no attempt by the plaintiff to show that the accident was wilfully intentional on the part of the motorman, or that the collision was the result of anything more than negligent operation and control of the car.

Argued March 22, 1912. Appeal, No. 111, Jan. T., 1911, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1907, No. 5303, on verdict for plaintiff in case of Carrie S. Wright, Administratrix of the Estate of Robert E. Wright, Jr., deceased, and Carrie S. Wright, individually, v. Philadelphia Rapid Transit Company. Before FELL, C. J., BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before WILTBANK, J.

At the trial after the plaintiff had proved the fact of collision and the injury to the plaintiff, the defendant's counsel announced that the defendant would admit the liability. The plaintiff then offered medical evidence, after which the court charged in part as follows:

"I was strongly inclined when I began to charge you to instruct you that, as this was so grave a case of gross negligence, you might find punitive damages, which

would be damages in the nature of punishment of this company for a gross assault upon the safety of the woman, with no reparation since, and the holding of her in jeopardy, as it were, three years and two months before she can get her remedy from you. I instruct you that that is not to impress you at all. I say, I at one time thought I should so charge you, but I do instruct you that if under the evidence, confining yourselves entirely to the evidence, you believe this to have been a wilful and wanton collision, you may charge them with punitive damages. You must as judges of the facts be very calm and temperate in considering the point. You must be entirely without feeling, and if, viewing all the evidence and the evidence alone, you come to the conclusion that this was wilful and wanton, you may find an award to the woman of damages which we call punitive, that is to say, in excess of compensatory damages. If you do not so find it will be your duty to allow her only fair and reasonable compensation under the instructions which I have given you as to the items."

Verdict and judgment for Carrie S. Wright for $10,000 and verdict for Robert E. Wright for $1,000, upon which judgment was entered for $500, all above that amount having been remitted. Defendant appealed.

*Error assigned* was portion of charge quoted above.

*Russell Duane*, with him *Bernard J. O'Connell*, for appellant.—The use of such inflammatory expressions in the charge as "so grave a case of gross negligence," "punitive damages," "punishment......for a gross assault," "the holding of her (plaintiff) in jeopardy" was calculated to divert the minds of the jury from the only issue in the case, viz: the assessment of compensatory damages and to create a prejudice against defendant which was not removed by the subsequent retracting

language, "I instruct you that that is not to impress you at all": Monier v. Philadelphia Rapid Transit Co., 227 Pa. 273; McTaggart v. Thompson, 14 Pa. 149; Burke v. Maxwell, 81 Pa. 139; Heydrick v. Hutchinson, 165 Pa. 208; Fineburg v. Passenger Ry. Co., 182 Pa. 97; Pittsburgh Southern Ry. Co. v. Taylor, 104 Pa. 306; Kehler v. Schwenk, 144 Pa. 348; Dooner v. Del. & Hudson Canal Co., 164 Pa. 17; Lerch v. Bard, 177 Pa. 197; Larzelere v. Tiel, 3 Pa. Superior Ct. 109.

*Eugene Raymond,* for appellee.—The verdict is a fair verdict rendered under an impartial charge: Collins v. Leafey, 124 Pa. 203; Hall v. Vanderpool, 156 Pa. 152; Hersinger v. R. R. Co., 25 Pa. Superior Ct. 147; Wills v. Hardcastle, 19 Pa. Superior Ct. 525.

The case was one warranting the award of punitive damages: Lake Shore & Mich. South. Ry. Co. v. Rosenzweig, 113 Pa. 519; Funk v. Kerbaugh, 222 Pa. 18; Peoples Nat. Gas Co. v. Millbury, 2 Monaghan 145; Louisville & Nashville R. R. Co. v. Roth, 130 Ky. 759 (114 S. W. Repr. 264); Louisville & Nashville R. R. Co. v. Smith, 135 Ky. 462 (122 S. W. Repr. 806); Buford v. Hopewell, 140 Ky. 666; Thomasson v. Ry. Co., 72 S. C. 1 (51 S. E. Repr. 443); Nickles v. Ry. Co., 74 S. C. 102 (54 S. E. Repr. 255).

But even conceding, for the sake of argument, that the instructions as to punitive damages were erroneously given, as appellant argues, it was not reversible error, for the verdict was not influenced by it: Walsh v. Ry. Co., 232 Pa. 479; Adams v. Traction Co., 41 Pa. Superior Ct. 403.

OPINION BY MR. JUSTICE ELKIN, April 15, 1912:

The only question raised by this appeal is whether the learned trial judge erred in instructing the jury on the question of punitive damages. The general rule is that only compensatory damages can be recovered in

negligence cases, and juries are not at liberty to go farther and find exemplary damages, unless the injury was done wantonly and wilfully, or was the result of such reckless indifference to the rights of others as amounts to a violation of them. Evil intent lies at the foundation of the right to claim punitive damages. The allowance of such damages is restricted to cases of wanton injury. There must be wrong motive accompanying the wrongful act: 1 Sedgwick on Damages, Sec. 363. Vindictive damages may be given in cases of actual malice as a punishment to the defendant: Barnett v. Reed, 51 Pa. 190. Where there is no evidence to warrant a finding that the wrongful act of the servant was the result of feelings of violence, outrage or reckless indifference, the question of exemplary damages should not be submitted: Phila. Traction Company v. Orbann, 119 Pa. 37. In torts committed through mistake, ignorance, or mere negligence, the measure of damages is compensation; but in cases where the negligent acts are committed wilfully, maliciously, or so negligently as to indicate a wanton disregard of the rights of others, exemplary damages may be awarded: Pitts., C. & S. L. Ry. Co. v. Lyon, 123 Pa. 140; Lynch v. Troxell, 207 Pa. 162. The rule that permits a recovery of punitive damages in certain cases is a harsh one, and the plainest principles of justice call for caution in its application: Funk v. Kerbaugh, 222 Pa. 18. The right to recover punitive damages is the exception, not the rule; and he who undertakes to bring himself within the exception has the burden of establishing the necessary facts upon which the right to recover punitive damages depends. We have examined this record in vain for evidence, showing or tending to show malice, or wanton violation of the rights of others, or evil intent, or wilful misconduct. There was no attempt to show that the accident was wilfully intentional on the part of the motorman, or that the collision was the result of anything more than negligent operation and control of the

car. The measure of damages was compensation and there was no occasion to submit the question of punitive damages to the jury. For this reason the assignment of error is sustained.

Judgment reversed and a venire facias de novo awarded.