# Terrell, Appellant, *v.* Pittsburg Railways Company.

*Pleading—Statement of claim—Statute of limitations—Amendment—Practice, C. P.—Evidence.*

In an action against a street railway company the plaintiff averred in her statement that on a day and at an hour named, in the ordinary exercise of her right as a pedestrian, she undertook to cross a street at a regular street crossing when she was struck by one of defendant's cars; that the "Motorman was negligent in the operation of said car, and did not use precaution to look out for persons on the track, and did not have his car, at said crossing, under proper control." She further averred that she first saw the car about one block east of the place of the accident, and that it then appeared to her to be at rest; that, after starting, it moved at an excessive rate of speed to the point of collision.    At the trial, two years after the accident, the court permitted the plaintiff to amend her statement by striking out the averment as to the excessive speed of the car, and by adding an averment that the car had reached its regular stopping place at the street in question when she undertook to cross in front of it.    *Held* that the amendment introduced no new cause of action, and was properly allowed.

Rice, P. J., dissented.

Argued April 29, 1914.    Appeal, No. 123, April T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1912, No. 432, for defendant n. o. v. in case of Louise Terrell v. Pittsburg Railways Company.    Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ.    Reversed.

. Trespass to recover damages for personal injuries. Before REID, J.

The opinion of the Superior Court states the case.

The jury returned a verdict for plaintiff for $850. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*A. J. Eckles,* for appellant.—The amendment was properly allowed: Cassell v. Cooke, 8 S. & R. 267; Knapp v. Hartung, 73 Pa. 290; Jackson v. Gunton, 26 Pa. Superior Ct. 203; Coll v. Westinghouse Electric & Mfg. Co., 230 Pa. 86; Dougherty v. Davis, 51 Pa. Superior Ct. 229.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellee.—The case of Martin v. Pittsburg Railways Co., 227 Pa. 18, is decisive of this controversy.

To the same effect is Mahoney v. Park Steel Co., 217 Pa. 20.

OPINION BY HEAD, J., October 12, 1914:

It cannot be denied the statement originally filed exhibited a cause of action. What was it in essence and substance? The plaintiff averred that, on a day and at an hour named, in the ordinary exercise of her right as a pedestrian, she undertook to cross Wylie avenue in Pittsburg at the regular Washington street crossing. While thus engaged, she was struck by the defendant's in-bound car and that serious injury to her resulted. "That the motorman was negligent in the operation of said car, and did not use due precaution to look out for persons on the track and did not have his car, at said Washington street crossing, under proper control." In a word, that her cause of action resulted from a negligent

breach by defendant of the duty it owed to a pedestrian on a public street crossing. Had the case gone to issue and trial on a statement containing the averments noted without more; and had the proof established the collision, the injury and the allegations that the motorman was not on the lookout for persons crossing the street and did not have his car under proper control, a verdict for the plaintiff could not have been successfully assailed on the ground it was not supported by the pleadings. But the plaintiff, although not bound to aver or prove she was not guilty of contributory negligence, went further. She alleged she first saw the car that struck her about one block east of the place of the accident and it then appeared to her to be at rest. That, after starting, it moved at an excessive rate of speed to the point of collision. Were these averments so essential that without them the statement would have disclosed no cause of action and therefore could have been met by a demurrer on that ground? As already indicated our answer must be in the negative. Had the jury, in a special verdict, found that plaintiff was either mistaken or untruthful in affirming that she saw the car before it reached the Washington street crossing and that it was moving at excessive speed; but further found that her injury occurred because the motorman, at the crossing, was not on the lookout for pedestrians and had not proper control of his car, could the trial judge have refused to enter judgment on a verdict in her favor? We cannot so conclude.

When the case actually came to trial, more than two years after the occurrence, plaintiff's counsel asked and obtained leave to amend the original statement, inter alia, in two particulars, viz., (a) By striking out the averment as to the excessive rate of speed of the car before it reached the point of the collision. (b) By adding an averment that the car had reached its regular stopping place at Washington street when she undertook to cross in front of it. Did the allowance of these

amendments, after the statute would have barred a new action, result in permitting the plaintiff to substitute a different cause of action from that originally declared on? We think not. She still maintained, as she had from the first, that on a date named, at an hour fixed, at a place designated, in the exercise of her same right, viz., that of a pedestrian, she was struck by the same car of the defendant which was operated by an inattentive motorman without proper control of his car. In a word again the same breach of the same duty that was the substratum of her complaint from the beginning. When she withdrew her charge of excessive speed of the car as it approached the crossing she but eliminated one element of possible liability, and narrowed the issue to that extent. When she agreed that the car had, without negligence of its operator, reached its proper stopping place and that she then undertook to cross ahead of it, she again contracted the lines of her attack and brought herself closer to the point where a countercharge of contributory negligence could be successfully made. But she did not, as we view it, introduce a substantively new cause of action. The remaining averments of the amendment were but restatements, in other words, of what had been originally charged. We can perceive no possible harm to the defendant in the allowance of the amendment.

The case is not ruled by Martin v. Rys. Co., 227 Pa. 18. The reason for the conclusion there reached is thus clearly stated by Mr. Justice ELKIN: "The relations and duties of the parties are entirely changed by the amended statement. In the original statement the standard of care was the duty owed by a street railway company to a person, not an intending passenger, at a street crossing. In the amended statement the relation of common carrier and passenger is set up, and the standard of care required in protecting an intending passenger while getting on the car is relied on. The two theories are entirely inconsistent," etc. By the amend-

ments allowed here the plaintiff has in no way sought to change the class in which she originally placed herself; has attempted to impose on the defendant no different duty from that first asserted; has not undertaken to set up any other standard of care than that first insisted upon.

Even if, under these conditions, the question before us may fairly be considered doubtful, the modern trend of judicial and legislative thought encourages that solution which will lead to a trial by jury on the merits. The plaintiff's case has successfully passed that ordeal and she should not be denied the fruits of her verdict on any doubtful question of pleading.

The judgment for defendant non obstante veredicto is reversed and the record remitted to the court below with direction to enter judgment on the verdict for the plaintiff.

RICE, P. J.

I respectfully dissent from the judgment of reversal and would affirm the judgment of the common pleas for the reasons set forth in the opinion of Judge REID of that court.