## Berg Company v. Douredoure Brothers.

*Corporations—Right to sue on contract made in an assumed name.*

A corporation may maintain an action in its own proper name to recover the price of goods sold in the performance of an executory contract made by it under an assumed name, unless the purchaser has been in some way prejudiced or injured by the use of the assumed name.

Affidavit of defence raising questions of law. C. P. No. 2, Phila. Co., June T., 1924, No. 2565.

*Evans, Bayard & Frick,* for plaintiff; *A. W. Horton,* for defendants.

GORDON, JR., J., Feb. 3, 1925.—This case is before us upon an affidavit of defence raising questions of law. The only question raised meriting discussion involves the right of the plaintiff company, a corporation, to bring suit on a contract entered into under an assumed name with the defendants. The statement of claim sets forth, in substance, that the Berg Company, plaintiff, did business, *inter alia,* under the name of the Animal Oil Company, and under this name entered into a written contract with the defendants for the sale to them of 200 barrels of grease. This suit is brought for the agreed purchase price of the grease. The contract in question, which is signed by the "Animal Oil Company," nowhere contains the plaintiff company's proper chartered name. The defendants contend that a corporation cannot do business under an assumed name, and that any contracts entered into by it under such a name are void and unenforceable, and cannot be sued upon, notwithstanding the admission necessarily implied by the statutory demurrer that the plaintiff company was the actual seller of the goods under the contract and that the defendants received and have not paid for the goods so sold. This raises the fundamental question of the right of a corporation in Pennsylvania to do business under an assumed name.

Upon this question the authorities outside of this State are not entirely in accord, the better rule being set forth in 14 Corpus Juris, §§ 371 and 387, as follows:

"371. At common law it was held that a corporation could not have two names by grant, that is, by charter, to the same purpose, because by the acceptance of the second charter the name given by the first was extinguished; but it could have several names by grant to several purposes, as one by which to take, grant or contract, and another by which to sue and be sued. A corporation by prescription could assume and have several names; and the same is true of a corporation created by statute, where the statute does not give a name. It has also been held that a corporation may have one name by grant and another by prescription, and that a corporation, even when a corporate name is stated in its charter or certificate of incorporation, may, in the absence of statutory provision to the contrary, assume another name by which to contract or do business, and thus have two or more names, one by its charter or certificate of incorporation and another by usage and reputation, so that contracts or deeds made in the assumed name will be binding, and, according to decisions in some states, so that it may be sued in either name."

"387. There is a conflict in the decisions as to the effect of an unauthorized change in the name of a corporation. In Kentucky, it has been held that to change the corporate name without authority is to abandon the corporation; that the identity of the creature authorized by statute to do business is destroyed by an abandonment of its name and an attempted substitution of a new name without the authority of law; and, therefore, where there has been

such a change of name without authority of law, the persons assuming to act in a corporate capacity under the new name are liable as partners to those with whom they contract. And in some jurisdictions it has been held that a contract in writing made by a corporation in a name assumed by it without authority is void. The better view, however, is that an unauthorized attempt to change the name of the corporation is merely void and does not dissolve the corporation or otherwise affect its existence. So that, where a corporation has assumed to change its name without authority of law, a suit begun in its lawful name may be prosecuted to judgment and the judgment will be good. A deed by a corporation under a new name which it has assumed without authority of law, describing land which the corporation has owned in its original name, is a valid conveyance; and in most jurisdictions, as we have seen, a corporation may contract in a name other than its corporate name and may sue and be sued on a contract in its proper name. Even when an action is brought by or against the corporation in the new name, it is merely a case of misnomer, and the judgment therein is not void."

The case in Pennsylvania nearest to the one before us is that of Phillips *v.* The International Text Book Co., 26 Pa. Superior Ct. 230. In that case, however, the positions of the parties were reversed; the corporation whose right to contract under an assumed name was questioned being the defendant. The defendant corporation's proper name was the International Text Book Company, and, without direct authorization by statute, a certain branch of its business was carried on by it under the name of the International Correspondence School, and the contract there in suit was entered into with the plaintiff under this assumed name. Our Superior Court held that the suit could be maintained against the defendant company in its proper name upon a contract so executed in an assumed name. In the first sentence of the opinion delivered by Porter, J., the conclusion of the court is succinctly stated as follows: "When a corporation or an individual elects to carry on a branch of its or his business in an assumed name, it or he is liable for the acts of agents, acting within the scope of their authority, who contract in the assumed name with relation to such branch of the business, in all cases where the contract would have been binding if made in the actual name of the corporation or individual."

In that case the defendant company endeavored to escape liability upon the technicality that, though its own agents had contracted on its behalf, they had done so under an assumed name, and, therefore, the corporation was not liable. The case was ruled fundamentally upon the equitable principle of estoppel. This principle is equally applicable where the parties are reversed, and the corporation is endeavoring to assert rights which the person with whom it contracted is seeking to withhold upon the technical ground of the alleged unauthorized use of an assumed name. If it would be inequitable to permit a corporation, by concealing its identity under an assumed name, to make contracts under which it receives benefits, and then to repudiate liability for the consequent obligations thereunder on the ground merely that, though it was the actual party who contracted, it did so under a different name, the converse of this proposition seems to us to be equally strong. The other party to the contract, who does not deny the receipt of the consideration moving to it, or the real identity of the person with whom he contracted, should not be heard to repudiate liability for performance on his part on the ground that the party with whom he contracted employed an *alias*. The plaintiff in this case is the person with whom the defendants actually contracted, and they have received from it the goods they contracted to buy. It would be inequitable

to permit that which is at best a mere misnomer to prevent their being compelled to pay their just debt to the plaintiff. While there might be some doubt of the right of a corporation to sue or be sued in an assumed name, that question is not raised in the case before us. The proper plaintiff by its proper name has brought the suit, and to escape the duty of paying for the goods which they bought and received, the defendants should at least show, if it be true, that they were in some manner prejudiced or injured by the use by the plaintiff of an assumed name in the execution of the contract.

The affidavit of defence raising questions of law is, therefore, adjudged insufficient, and the defendants are given leave to file an affidavit of defence to the merits within fifteen days.