Aylesworth *v.* Hays, Appellant.

Argued January 6, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Rodney A. Mercur,* with him *Andrew B. Dunsmore,* for appellant.—The court erred in its reference to the Carlisle tables: Steinbrunner v. Ry., 146 Pa. 504; Campbell v. York, 172 Pa. 205; Kerrigan v. R. R., 194 Pa. 98; Seifred v. R. R., 206 Pa. 399; McCaffrey v. Schwartz, 285 Pa. 561.

*T. A. Crichton,* with him *C. H. Ashton* and *G. Mason Owlett,* for appellee.—The trial court did not err in admitting the Carlisle tables or in his charge with reference thereto: Fortney v. Breon, 245 Pa. 47; Mastel v. Walker, 246 Pa. 65; Fern v. R. R., 250 Pa. 487; Davis v. Cauffiel, 287 Pa. 420; Leonard v. R. R., 259 Pa. 51; Dravo Contracting Co. v. Rees & Sons Co., 291 Pa. 387.

OPINION BY MR. JUSTICE SCHAFFER, January 27, 1930:

Defendant appeals from a recovery of damages against him for personal injuries inflicted upon plaintiff in a collision between their automobiles. In consequence of the disposition we shall make of the case, it is not necessary to cumber the reports with a recital of the details of the accident. It is not contended by appellant that under the proofs submitted the case was not for the jury.

Over defendant's objection the court admitted in evidence the Carlisle tables. They are a dangerous piece of evidence to proffer, as this case demonstrates. After the fullest consideration of their evidential weight, purpose and value, we said in McCaffrey v. Schwartz, 285 Pa. 561, speaking through the present Chief Justice (page 573) : "When tables of this character are part of the evidence in a case, the court should carefully instruct concerning their use, and all the factors which tend to limit their application ought to be stressed. It is not enough for the trial judge to charge......that the tables are of some aid, but not conclusive, in determining, the probable life of the plaintiff. All the circumstances affecting the probable duration of plaintiff's life as disclosed by the evidence should be called to the at-

tention of the jury...... The charge must include a survey of such matters as sex, prior state of health, nature of daily employment and its perils, if any, manner of living, personal habits, individual characteristics and other facts concerning the injured party, which may affect the duration of his life...... For if all these variables are not called plainly and directly to the attention of the jurors, they are likely to be entirely overlooked and the tables accepted as a constant and exclusive guide, whereas they are far from occupying that evidential position...... This court, from the beginning, has expressed doubts as to the wisdom of using them at jury trials, and has constantly called attention to the practical abuses to which the employment of such evidence is susceptible."

The trial judge did not heed the admonition to all the courts of first instance which the foregoing language conveyed and in his charge, instead of following what we said would be proper instructions, briefly told the jury, "We have admitted the so-called Carlisle tables, not as proof of the probable expectancy of this man's life, but as of some assistance to the jury in determining the question, together with the evidence they have of the plaintiff's history, the statement that he was in good health before this accident, and from what this evidence indicates to you as to the probable length of this man's life. There is no way of accurate determination as to what any man's life will be; but from your best judgment, of what you know from this evidence, and can gather from it, you will fix this man's expectancy of life." This meagre and involved instruction was, if anything, more inadequate than that which we condemned in McCaffrey v. Schwartz, and, because of it, the verdict cannot stand. Furthermore, the court in effect stated that plaintiff was in good health before the accident and overlooked testimony of a physician called by defendant, who spoke of a condition of long standing in plaintiff's

teeth which might greatly impair his health and shorten his life.

It is argued in appellee's behalf that the instruction, even if erroneous, did the defendant no harm, as the verdict indicates. This we cannot surmise; its actual effect we cannot know. That it may have done injury to appellant is manifest. We intended that what we said in our prior opinion as to the instruction in connection with the Carlisle tables should be observed by the trial courts. They had been misused in many cases and had, with their companion the present worth tables, brought about a serious condition in the making up of verdicts which required correction. What we said in our previous opinion we shall not depart from.

The eighth assignment of error is sustained and a new trial granted.