524

## Fictitious Names of Corporations or of Individuals in Corporate Form.

SCHNADER, Special Dep. Att'y-Gen., April 24, 1930.—We have your request to be advised regarding certain questions which have arisen in the administration of the Act of June 28, 1917, P. L. 645, which requires the registration of fictitious names in certain cases.

You ask:

"1. May a Pennsylvania *corporation* register in this Department and do business under an assumed or fictitious name?

"2. May a foreign *corporation* registered in Pennsylvania register in this Department an assumed or fictitious name?

"3. May a foreign *corporation* unregistered in Pennsylvania register an assumed or fictitious name in this Department?

"4. May individuals or partnerships register in this Department an assumed or fictitious name containing the abbreviation 'Inc.,' 'Incorporated,' 'Corporation' or any other word tending to denote incorporation?"

Section 1 of the Act of 1917 provides:

"That no individual or individuals shall hereafter carry on or conduct any business in this Commonwealth, under any assumed or fictitious name, style or designation, unless the person or persons conducting or carrying on the same shall have first filed in the office of the Secretary of the Commonwealth . . . a certificate, under oath, and signed by such person or persons, setting forth the real name or names and addresses of all the persons owning or interested in said business, and also the name, style or designation under which said business is being or will be carried on or conducted.

"Where any of the owners of said business live outside of the Commonwealth of Pennsylvania, and carry on or conduct any such business through an agent, such certificate shall also show the name and address of such agent."

Section 3 of the act provides that "any person carrying on or conducting any business in violation of this act shall be guilty of a misdemeanor" and punishable by a fine or imprisonment, or both.

While the Act of 1917 was amended by the Acts of May 10, 1921, P. L. 465, and June 29, 1923, P. L. 979, the language above quoted was not modified.

Section 806 of The Administrative Code of 1929 (Act of April 9, 1929, P. L. 177), provides that "the Department of State shall have the power, and its duty shall be, to register . . . the assumed or fictitious names under which individuals carry on or conduct business, upon application duly made. . . ."

The Act of 1917 and its amendments have been construed in a number of cases, none of which, however, furnishes a specific answer to your questions;

but in Lamb *v.* Condon et al., 276 Pa. 544, the language used by Mr. Justice Sadler in rendering the opinion of the Supreme Court is significant in the consideration of your first, second and third questions. At page 547, Mr. Justice Sadler said: "An examination of the act discloses an intention on the part of the Legislature to deal with two classes of individuals who might use assumed names; one, covered by the first paragraph of section 1 of the act, being those who are residents of the State, and the other, individuals who are non-residents. . . ."

In an earlier case decided by the Superior Court (Engle *v.* Capital Fire Ins. Co. of Concord, N. H., 75 Pa. Superior Ct. 390), Judge Henderson, speaking of the same act, said: ". . . It is a penal regulation and should be so construed as not to extend its operations beyond the purposes for which it was evidently enacted. . . ."

The act in express terms applies only to individuals engaging in business under assumed or fictitious names. Clearly, a corporation is not an "individual," and the act does not, therefore, apply to corporations. That being the case, there is no distinction between a domestic corporation and a foreign corporation, as far as concerns a corporation's duty to register under the act.

We have quoted from section 806 of The Administrative Code of 1929, which outlines in a general way the duties of the Department of State in connection with such registrations as were formerly required by law to be made or filed with the Secretary of the Commonwealth. It is to be noted that in mentioning the duty of your Department in connection with the registration of assumed or fictitious names, your Department was directed to register only the assumed or fictitious names "under which individuals carry on or conduct business."

Except for the Act of 1917 and its amendments and The Administrative Code of 1929, there is no statutory law on the subject; and your Department is, therefore, without authority to register a fictitious or assumed name under which a corporation seeks to transact business in Pennsylvania.

In view of the interpretation which we have placed upon the Act of 1917, it is not important to consider the question raised in your letter whether a corporation may lawfully transact business under an assumed name. With respect to this question, we take it that the extent of a corporation's power to conduct its operations in a name or in names other than that contained in its charter or certificate of incorporation must be determined under the laws of the state in which the corporation was created. We do not hesitate to express the opinion that under the laws of Pennsylvania a corporation does not have the right to transact business under an assumed or fictitious name. In Pennsylvania a corporation is required in its certificate of incorporation to state "the name of the corporation" and "the purpose for which it is formed" (section 3 of the Act of April 29, 1874, P. L. 73). Pennsylvania corporations can be formed for only one purpose. Under our law it has been repeatedly held that the name of the corporation should be indicative of its purpose. Were it possible for a Pennsylvania corporation at will to adopt names other than that stated in its certificate of incorporation, the object of our law in confining a corporation to one purpose and requiring its name to be indicative of that purpose could, and would, readily be defeated. Further, the very first section of our Corporation Act of 1874, in stating the powers of a Pennsylvania corporation, provides that it shall "have succession *by its corporate name* for the period limited by its charter, and when no period is limited thereby, or by this act, perpetually. . . ." The Legislature clearly

indicated that a Pennsylvania corporation should not have succession for any period of time otherwise than by its proper corporate name.

We realize that there are two decisions of our courts which have been cited to you as indicating that a corporation may, under the law of this State, assume and use a name other than that stated in its certificate of incorporation. One of these cases is Phillips *v.* International Text Book Co., 26 Pa. Superior Ct. 230, in which the court declined to permit a corporation to escape liability on a contract admittedly executed by it, but in a name other than that stated in its certificate of incorporation. In deciding the case, Judge Porter said (page 232): ". . . The evidence indicates that there was no corporation or firm in existence named the 'International Correspondence Schools,' but for purposes which were entirely proper the International Text Book Company had for its own convenience carried on one branch of its business in that name. . . ." And in Berg Co. *v.* Douredoure Bros., 5 D. & C. 597, Judge Gordon, of Court of Common Pleas No. 2 of Philadelphia County, held that although it had made a contract in a fictitious name, a corporation suing in its own name could recover on a contract where the defendant admitted having received the benefits of the contract and was seeking to escape liability upon the technicality that the contract was not made by the corporation in its proper name. The court stated, at page 599, that to escape liability ". . . the defendants should at least show, if it be true, that they were in some manner prejudiced or injured by the use by the plaintiff of an assumed name in the execution of the contract."

Clearly, the conclusions reached in these cases have no bearing upon the consideration of the question whether in the administration of our corporation laws your Department should, under any circumstances or for any purpose, recognize the use by a Pennsylvania corporation of a name other than that stated in its certificate of incorporation; and for the reasons which we have indicated, it is our view that your Department must take the position in administering the corporation laws that a Pennsylvania corporation cannot lawfully adopt or use a name other than that contained in its certificate of incorporation.

With respect to your fourth question, we have been unable to find any authority which furnishes a decisive answer. The Act of 1917, as amended, does not give to your Department any jurisdiction to determine the propriety of a name which an individual seeks to register in your office. The registration of a fictitious name used by an individual or individuals is a ministerial act. At the same time, we are clearly of the opinion that the Legislature did not intend to authorize your Department to assist an individual to work a fraud upon the public. The use of an assumed or fictitious name which concludes with "Inc." or "Incorporated" or "Corporation" must necessarily deceive the public into believing that the business conducted under such name has been incorporated. Whether a business is conducted by an individual, a partnership or a corporation may or may not be important, but in any event public policy would seem to require that official recognition should not be given in any way, shape or form to the use of a name which on its face is calculated to deceive the public.

We, therefore, advise you that you may properly decline to register as the assumed or fictitious name of an individual or of individuals a name which indicates that the business conducted has been incorporated when on the face of the papers presented to you such is not the case.

It would, of course, be better for the Legislature expressly to prohibit the use of such names by individuals, and your Department should, in our judgment, recommend such action to the next session of the General Assembly.

From C. P. Addams, Harrisburg, Pa.