## Raskus *v.* Allegheny Valley Street Railway Co., Appellant.

Argued October 7, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*William A. Challener,* with him *William A. Challener, Jr.,* for appellant.—After the statute of limitations has run, a plaintiff cannot by amendment shift his ground of complaint, introduce a new cause of action, cure a fatal defect in the pleadings, or deprive the defendant of any valuable right: Mahoney v. Steel Co., 217 Pa. 20; Martin v. Rys., 227 Pa. 18; Mays v. Gas Co., 268 Pa. 325.

As regards the platform on the east side of the track, the charge of the court assumed defendant's negligence throughout, by limiting the defense to contributory negligence on the part of the deceased only.

The charge was erroneous on its measure of damages: Emery v. Phila., 208 Pa. 492; Kelly v. R. R., 274 Pa. 470.

The charge failed to deal properly with the credibility of witnesses; was inadequate, misleading and unduly minimized appellant's defense: Hodder v. Transit Co., 217 Pa. 110; Davies v. Transit Co., 228 Pa. 176; Weiss v. Rys., 242 Pa. 506.

*Richard C. Long,* with him *John E. Laughlin,* for appellee.—Even if the amendment was necessary, it did not introduce a new cause of action: Mays v. Gas Co., 268 Pa. 325; Goldberg v. Friedrich, 279 Pa. 572; Davis v. Land Co., 296 Pa. 449; Schmelzer v. Traction Co., 218 Pa. 29.

The charge was not erroneous on the measure of damages.

OPINION BY MR. JUSTICE SADLER, November 24, 1930:

Anthony Raskus, aged 35, was killed by a car of the defendant company on the evening of August 28, 1927, and his wife brought suit for damages suffered by herself and children. In her statement of claim, she set forth the intention of her husband to board an interurban trolley at a regular stopping place, but that no service station or platform was provided at that point, and it became necessary for him to stand on the track, where he was struck by the oncoming car. The evidence produced failed to substantiate this claim, but testimony was offered to show that he had crossed the railway track to the east, where a fence, constructed about three feet from the rails, narrowed the passageway, and left such little room for one there located that it was impossible to avoid being hit. When the plaintiff's case

was closed, an amendment of the pleadings was asked, so as to conform to the proof of negligence offered. This was allowed, against objection made on the ground that a second cause of action was thus relied on, which was unenforceable because the time of bringing a new suit had passed. On this appeal, it is strongly urged that the permission granted to plaintiff had the effect contended for, but we are not satisfied of the correctness of this position.

This court, in a recent opinion by Mr. Justice KEP-HART, in Goldberg v. Friedrich, 279 Pa. 572, 576, laid down the rule applicable in such cases, as follows: "The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?" Whether the deceased stood on the track or by its side, if the negligence of the motorman caused the injury, defendant was responsible. To the same effect will be found Gail v. Philadelphia, 273 Pa. 275; Schmelzer v. Chester Traction Co., 218 Pa. 29; Terrell v. Pittsburgh Rys. Co., 58 Pa. Superior Ct. 371; Geiger v. Madden, 58 Pa. Superior Ct. 616; Tomasak v. Courtdale Borough, 98 Pa. Superior Ct. 473. It is true that if a new basis of plaintiff's claim is asserted, after the time for bringing a suit for the loss sustained has elapsed, no amendment can be permitted, as is illustrated by Martin v. Pittsburgh Rys. Co., 227 Pa. 18; Mahoney v. Park Steel Co., 217 Pa. 20, and Mays v. United Gas Co., 268 Pa. 325, cases cited by appellant, but an examination will show, in each referred to, a different foundation for recovery was attempted to be set up. There is no merit in the complaint that the change was not asked until plaintiff's case had been presented, for even then it is not too late to make the alteration if it appears the same accident, resulting in the injury, for which suit

was brought, has been proven, though differing in details as to the manner of infliction: Davis v. Investment Land Co., 296 Pa. 449. In the present case the application was made before defendant opened its case, and, though objection was entered, no application to continue, because of surprise, was made.

The testimony at the trial was of a very conflicting character, that of the plaintiff indicating that a proper place for intending passengers had not been provided, and contact with the car was made inevitable, if not stopped at the usual point, because of the insufficiency of the intervening space on the east between the rail and fence. The witnesses for defendant testified that an unobstructed opening between two posts had been set apart for those desiring to enter the cars, not closed by any connecting rail, in which those wishing to board the car could safely enter and stand. This was the subject of serious dispute, evidence being produced to show the fence was not in this condition at the point in question, but had been altered after the accident by the removal of the rail theretofore in place, and which was absent when the maps and photographs offered were taken. A question for the jury thus arose, and, under adequate instructions as to negligence and contributory negligence, it found a verdict for plaintiff in the sum of $25,000, subsequently reduced by the court to $22,500. A new trial, as well as motion for judgment n. o. v. was refused. This appeal followed.

One error assigned, the sixth, alone requires consideration. Complaint is made of the portion of the court's charge which reads as follows: "It is also proper to consider Mrs. Raskus's age, and how long she probably would live and would need or require support from her husband if he had lived." The jury was told to consider the probable period during which the deceased could labor and earn, considering the dangers of his employment, but no specific proof of his expectancy of life was attempted by the production of annuity tables. Such

evidence was not required, and indeed it has been said that, if the circumstances were sufficiently disclosed from which the jury could make a reasonable estimate of the expected loss of earning power, which would be devoted to the support of plaintiff, it is best to leave the matter of possible length of estimated life entirely to that body: McCaffery v. Schwartz, 285 Pa. 561, 575. In denying the motion for a new trial, the court below stated the probable expectancy of Raskus to have been thirty years, but no such declaration was made in the charge. Had it been, as evidence to this effect was not offered, clear error would have been committed: Dooner v. D. & H. Canal Co., 164 Pa. 17.

The difficulty with the instruction complained of is in stating that the jury should note the probable life of the wife, whose age was shown by plaintiff to be about five years less than that of her husband. The court told the jury it must consider how long she would probably live, and would require assistance from her husband if he had not died, and the amount thereof. The wife could recover nothing beyond the sum based on the husband's expectancy, whereas the jury was permitted to calculate the damages on the extent of her life, and, as she was younger, her possibility of living a longer time was necessarily greater; at any rate, no evidence or tables were offered to show that because of her sex, or physical condition, it would be the same or less.

In reversing a judgment where such error was present, Chief Justice MITCHELL said, in Emery v. Philadelphia, 208 Pa. 492, 499: "The life of the husband having been terminated by the accident, its probable duration in the regular course of nature must, as already said, be approximated by the best evidence attainable even though that leads only to conjecture. But the widow, plaintiff, is living and is entitled now to compensation for what she has lost by her husband's death. To complicate the question by another conjec-

ture as to her expectation of survivorship, would add further uncertainty in the result without being so clearly demanded by reason or justice as to be imperative or even advisable."

Following this precedent, Mr. Justice FRAZER declared, in Kelly v. Director General, 274 Pa. 470, 482, the latest decision in which the subject is considered: "The measure of damages is based on the loss of earnings of the injured person during the period which he may be expected to have lived had he not been injured and the present worth of the total of such prospective earnings is due and payable to the person entitled thereto in a lump sum. The expectation of life of such beneficiary is immaterial to the question of the amount of damages. Such amount is in no manner dependent upon whether or not the beneficiaries should live one year or twenty years. As the evidence in this case showed that the wife had a higher expectation of life than her husband it cannot be said that the admission of the testimony could not have harmed defendant."

It was incumbent on the court to correctly advise the jury as to its duty in determining the damages recoverable, and, though no special instructions were asked as to this, a general exception was taken to the charge. The court did, however, make an incorrect and misleading statement as to a material matter in its charge, and we cannot surmise that the verdict was not affected thereby: Aylesworth v. Hays, 299 Pa. 248. While, since the Act of May 24, 1923, P. L. 439, amending the Act of May 11, 1911, P. L. 279, a mere inadequacy of charge may be assigned as error under a general exception, ordinarily this court will not reverse on complaint based thereon, unless it also appears that the statements made are misleading, constituting, in effect, errors of law, which latter fault cannot be overlooked or accounted harmless: McCaffrey v. Schwartz, supra. p. 568.

For the reason stated, the sixth assignment of error is sustained, and the judgment is reversed with a venire facias de novo.