## Apparel Arts Publications, Inc., v. United Knitting Co., Inc.

*Illoway & Fischer*, for plaintiff; *L. Arthur Greenstein*, for defendant.

LEWIS, J., October 24, 1932.—The defendant, in its affidavit of defense filed pursuant to section twenty of the Practice Act of 1915, challenges the sufficiency of the amended statement of claim. Its chief contention is that no cause of action against the defendant is averred in the statement.

The plaintiff, an Illinois corporation, seeks to charge the defendant, a Pennsylvania corporation, which trades under the style of "Gem Knitting Mills," upon a certain written contract, executed by "defendant acting by and through its president and duly authorized officer, to wit, Jacob Rubin," for the insertion of advertising matter in plaintiff's publication, known as "Apparel Arts."

The contract does not appear to be under seal. It is signed "Gem Knitting Mills, by Jacob Rubin," and accepted, in writing, by the plaintiff, through its duly authorized agent. It is averred that, during the negotiations by the plaintiff with Jacob Rubin, "said Jacob Rubin was acting for and on behalf of the defendant corporation, the defendant corporation being an undisclosed principal of said Jacob Rubin."

Compliance is pleaded with the terms of the contract which plaintiff avers it was bound to perform, in that advertisements of defendant corporation appeared in various issues of plaintiff's publication and plaintiff furnished

defendant with 1000 reprints of the magazine in accordance with defendant's request.

A copy of the plaintiff's books of original entry, charging "Gem Knitting Mills," giving the date of the appearance of the advertising matter, the nature and character thereof, and the amounts charged, is attached to the amended statement of claim.

One of the defendant's minor contentions is that the amended statement of claim is inconsistent with the allegations of the original statement filed. Since the amended statement of claim was filed in pursuance of leave of court after demurrer, "the pleading as amended . . . takes the place of the original pleading in framing the issue and determining the scope of the trial. . . . :" Leonard Seed Co. v. Lustig Burgerhoff Co., 85 Pa. Superior Ct. 381. The amended statement effected a withdrawal of the original statement: Atherton v. Clearview Coal Co., 267 Pa. 425.

So long as the plaintiff adheres to the original instrument or contract on which the declaration is founded: Wilhelm's Appeal, 79 Pa. 120; alteration of the ground of recovery on that instrument or contract, or of the modes in which the defendant has violated it, is not an alteration of the cause of action: Raskus v. Allegheny Valley Street Ry. Co., 302 Pa. 34.

We are of the opinion that the amendment to the original statement of claim did not change the nature of the cause of action, nor did it destroy the identity of the original transaction: First National Bank of Bangor v. American Bangor Slate Co., 229 Pa. 27.

At common law, it was held that a corporation could not have two names by grant: 14 C. J. 308; but a corporation, even when a corporate name is specifically stated in its charter, may, in the absence of statutory provision to the contrary, assume another name by which to contract or to do business, so that it may be known by two different names, and may sue and be sued in either: McCarthy Bros. & Wilson, Inc., v. Schmitt, 6 D. & C. 147. The consequence of this is that contracts or deeds made in the assumed name will be binding, and the court will not permit a corporation to escape liability on a contract executed by it but in a name other than that stated in its certificate of incorporation: Phillips v. International Text Book Co., 26 Pa. Superior Ct. 230.

While a corporation does not have the right to register under an assumed or fictitious name: Opinion by Schnader, Special Deputy Attorney General, Fictitious Names of Corporations or of Individuals in Corporate Form, 13 D. & C. 524; a departure from its strict corporate name will not enable a corporation to avoid its contract if it appears that the particular corporation was intended to be bound. The theory underlying the plaintiff's cause of action is that the United Knitting Company, Inc., is the undisclosed principal and is bound by the contract of its agent, Jacob Rubin, "acting within the scope of his authority," although the United Knitting Company, Inc., may have been known to the plaintiff under the name of "Gem Knitting Mills."

It seems that an effective disposition of the contention, that the defendant corporation, on the face of the pleadings, is not liable, is that there are sufficient averments indicating that the plaintiff dealt with the defendant in good faith, true, under the name "Gem Knitting Mills," and that the corporation received the benefits: 1 Savidge on Pennsylvania Corporations, 662.

The question to be decided under section twenty of the Practice Act is whether, upon the facts detailed in plaintiff's pleadings, it shows, as a matter of law, that the pleader is not entitled to recover: Jamestown Iron and Metal Co. v. Knofsky et al., 291 Pa. 60. Every relevant fact sufficiently averred in the statement of claim and every inference fairly deducible therefrom and every fact of which

the court can take judicial notice must be accepted as true in considering whether or not a defendant is entitled to a judgment in his favor on questions of law raised in his affidavit of defense: Troop *v.* Franklin Savings and Trust Co., 291 Pa. 18.

We think that the success of the plaintiff or defendant in this litigation should not depend upon the skill of the pleader, and that justice, in so far as the plain allegations of the statement of claim are concerned, demands that the question be resolved against defendant: Rhodes *v.* Terheyden et al., 272 Pa. 397; Franklin Sugar Refining Co. *v.* Lykens Mercantile Co., 274 Pa. 206.

The questions of law raised by the defendant are determined against the defendant, with leave to file an affidavit of defense to the amended statement of claim within fifteen days from the date hereof.