## Vogel et ux. v. Suburban Construction Company, Appellant.

Argued March 5, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

Howard M. Lutz, of Lutz, Ervin, Reeser & Fronefield, with him Edward H. Bryant, Jr., and James Rutherford, of Rutherford & Rutherford, for appellant.

Clement J. Reap, for appellee.

OPINION BY RHODES, J., June 30, 1941:

This is an action in trespass brought by plaintiffs against defendant to recover damages for injuries to their dwelling house and garage by defendant's blasting operations. The jury found for plaintiffs. Defendant's motion for new trial was overruled by the court below. From the judgment entered on the verdict, defendant has appealed.

Appellant contends that the court below erred in refusing its motion for new trial, and submits thirteen assignments of error. Those entitled to consideration complain of alleged errors in the charge of the court. Appellant, in 1939, and for some time prior thereto, operated a stone quarry in the borough of Honesdale. Plaintiffs own and occupy a property located on Cliff Street in that borough, consisting of a dwelling house and garage. Cliff Street runs along the base of a hill on the top of which appellant's quarry is located. Plaintiffs' property is 290 feet below and 990 feet from appellant's quarry. In the operation of appellant's quarry dynamite was used for blasting rock.

Plaintiffs in their statement of claim aver that appellant "negligently and carelessly used and employed, discharged and fired, large quantities of dynamite and other high explosives in blasting in the aforesaid quarry, thereby causing violent disturbances of the land and

buildings in the vicinity of the said quarry, and particularly the land and buildings thereon of the plaintiffs herein." The statement of claim further set forth that the damages were unnecessarily caused, and were the result of gross and wilful acts of appellant, and were occasioned by its use of a quantity of high explosives so great that appellant knew, or was bound to know, before exploding such high explosives, that they would unnecessarily damage and cause injury to the surrounding property and property in the immediate vicinity; and that by reason of said negligent blasting by appellant the property of plaintiffs was damaged in the manner described. Cf. *Hirsh v. Patrick McGovern, Inc.*, 100 Pa. Superior Ct. 1, 2.

Appellant filed no affidavit of defense.

We do not deem it necessary to relate the testimony offered in support of the respective contentions, as we are convinced that the judgment must be reversed on the tenth, eleventh, and thirteenth assignments of error, which relate to portions of the charge of the court.

The trial judge charged the jury as follows: "It is also a fact that the owner of property, under the laws of the Commonwealth, is required so to use that property as not to cause injury to the property or the persons of others, and, therefore, in this particular case, if you believe that the damages complained of by the Vogels were sustained by reason of the acts of these defendants then they may recover damages for such injuries. ...... If you are convinced by the fair preponderance and the weight of the testimony, as we have defined that for you, that the Vogels suffered certain damages to their home and those damages were the result of blasting operations conducted by the defendant, Suburban Construction Company, then your verdict should be for the plaintiffs as against that construction company."

The trial judge affirmed appellant's second point:

"Unless you find that the defendant used and employed, discharged and fired, large quantities of dynamite and other high explosives in a careless and negligent manner, which caused the damage complained of—your verdict must be for the defendant."

Several of plaintiffs' points for charge which were affirmed by the trial judge also base recovery on appellant's negligence.

It is obvious that plaintiffs in their statement of claim predicate their right of recovery upon appellant's negligent operation of its quarry, and hence under the pleadings appellant would be liable only if its negligence caused plaintiffs' damage. An examination of the record likewise discloses that plaintiffs' case was presented to the jury on the theory that appellant's negligence was the cause of the injuries to their real estate. The trial judge therefore should have submitted appellant's alleged negligence as the vital question to be determined by the jury, because plaintiffs had selected that as the ground for liability. *Kramer, Adm'r, v. Pittsburgh Coal Co.,* 341 Pa. 379, 19 A. 2d 362. Although the trial judge submitted to the jury the question of appellant's negligence, he also charged, in unmistakable language, that appellant would be liable if the damages sustained by plaintiffs were not due to the negligence of appellant, and the effect of such instructions was a practical direction to find for plaintiffs without any reference to the question of negligence upon which theory plaintiffs stated and tried their case. In the quoted extracts from the charge the trial judge stated to the jury that appellant was liable in the absence of evidence of negligence in the operation of its quarry, if the injuries to plaintiffs' property were the result of blasting operations conducted by appellant on its property. There was no evidence to establish that appellant's acts were gross and wilful, and done in wanton disregard of plaintiffs' rights. See *Funk v. Kerbaugh,* 222 Pa. 18, 70 A. 953. There was no testi-

mony that dirt or stones were cast, as a result of the blasts, upon plaintiffs' premises. Any injuries to plaintiffs' land and buildings from appellant's acts were caused by concussions or vibrations set up by the blasts in appellant's quarry 990 feet distant from plaintiffs' property.

If, by the charge as a whole, the issues were fairly put before the jury, the judgment would not be reversed even though isolated portions of the charge were the subject of criticism. *Giannone v. Reale*, 333 Pa. 21, 3 A. 2d 331. But the charge is clearly conflicting, and conflicting statements as to the law on such a vital matter as appellant's negligence, which may confuse a jury and leave them to surmise which instruction is correct, constitute basic and fundamental error. *Silvano v. Metropolitan Life Insurance Co.*, 135 Pa. Superior Ct. 260, 263, 5 A. 2d 423.

Appellant was summoned to answer a specific charge of negligence, and it was incumbent upon plaintiffs to establish that the injuries to their land and buildings thereon resulted from the negligent act or acts of appellant as set forth in their statement of claim. The jury should have been unqualifiedly so instructed. The issue was one of negligence, and a question of fact solely within the province of the jury to decide under proper instructions from the trial judge. We have carefully read the charge of the court in the present case, and we are convinced that it would be a matter of conjecture as to which instruction the jury followed in arriving at their verdict. A new trial must therefore be granted. *Irwin Gas Coal Co.. v. Logan Coal Co.*, 270 Pa. 443, 447, 113 A. 667; *Mitchell v. Schreiner*, 43 Pa. Superior Ct. 633, 639.

Judgment is reversed, with a venire.